# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **JOHN NEW,** Defendant. | No. 20-mj-202-3DPR-01 |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)

The United States of America, through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and by the undersigned Assistant United States Attorney requests pretrial detention and a detention hearing pursuant to 18 U.S.C. §§ 3142 (e)(3)(E), (f)(1)(A), (f)(2)(A), and (f)(2)(B). At this hearing, the evidence will demonstrate that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

### Supporting Suggestions

1. Title 18, United States Code, Section 3142(f)(1)(A) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is one that involves an offense involving a minor or a crime of violence as defined in 18 U.S.C. § 3156(a)(4)(C), which includes the offenses of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). 18 U.S.C. § 3142(E)(3)(E) and (f)(1)(A).

2. The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

   a. When there is a serious risk that the defendant will flee; or,

   b. When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(A) and (B).

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: this matter involves the receipt and distribution of child pornography. Further, there is a serious risk that the defendant's release will present a substantial risk to the community.

4. The crimes alleged in the Complaint requires the Court to consider a rebuttable presumption that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. 18 U.S.C. § 3142(e)(3)(E).

5. Moreover, the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

6. The Government is aware of the following evidence:

   a. In relation to the nature and circumstances of the offense charged, on March 17, 2020, a complaint was filed charging the defendant with receipt and distribution of child pornography.

   b. In relation to the weight of the evidence supporting the charge in the Complaint, this case came to the attention of law enforcement after law enforcement was able to download child pornography that was being made available from the defendant's BitTorrent account. Post-*Miranda*, in a recorded interview, the defendant admitted to viewing child pornography and stated the child pornography was on an external hard-drive in two folders, both were labeled "Siberian mouse." The defendant stated he obtained the child pornography through the UTorrent network. The defendant admitted that he masturbated while watching the child pornography. The defendant further admitted that his wife and co-defendant, Tara New ("Tara"), also viewed the child pornography. The defendant stated that Tara would masturbate him while they watched child pornography together. The defendant stated they watched the child pornography from their T.V. monitor in the living room, which was connected to their desktop computer. Post-*Miranda*, Tara stated that approximately a year ago, she and the defendant started to watch child pornography together. Tara stated that while they would watch the child pornography she would masturbate the defendant. Tara stated they would watch the child pornography on their desktop computer, which the files were contained within a specific folder on the computer. Tara also admitted they both knew and talked about how what they were doing was illegal.

   c. In relation to the history and characteristics of the defendant, the defendant received a

discharge in lieu of a court martial from the United States Air Force in 2016 for the charge of sexual assault in violation of Article 120 of the UCMJ. The defendant has no reported employment since he was discharged from the Air Force and moved to the state of Missouri. The defendant also has no ties to the Western District of Missouri.

**WHEREFORE**, the United States requests a pretrial detention hearing and that Defendant be detained pending trial.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By  */s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney
Missouri Bar No. 57711
901 St. Louis Street, Ste. 500
Springfield, Missouri 65802

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 20, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney